IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDUL RAHIM MUHAMMAD, et al. | : |
| | : |
| | : |
| Plaintiffs, | :          CIVIL ACTION |
| | : |
| v. | :          No. 11-5785 |
| | : |
| UNITED STATES, et al. | :          JURY TRIAL DEMANDED |
| | : |
| Defendants. | : |
| | : |
| | : |
| | : |
| | : |

## ORDER

**And now,** this _____ day of _____, 2012, upon

consideration of the Government's Motion to Dismiss (Doc. No. 16) and Plaintiffs' response, **IT**

**IS ORDERED** that the Motion is **DENIED**.

   **IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 12(a)(4)(A), Defendant,

United States, shall file an Answer within 14 days of the date of this Order.


                    BY THE COURT:


                    _____

                    **MARY A. MCLAUGHLIN**
                    ***Judge, United States District Court***

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDUL RAHIM MUHAMMAD, et al. | : | |
| | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 11-5785 |
| | : | |
| UNITED STATES, et al. | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants | : | |
| | : | |
| | : | |
| | : | |

PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS

**I.     Introduction**

Plaintiffs Abdul Rahim Muhammad, Sharon Muhammad, Kharee Muhammad and Tanasia Edmunds ("Plaintiffs") brought claims against the United States and John Does 1-4 (federal law enforcement officials) under the Federal Tort Claims Act ("FTCA"), and the Fourth Amendment to the United States Constitution.  These claims arise from the unconstitutional, warrantless search of the plaintiffs' home, which led to the unjustified detention of Kharee Muhammad and Tanasia Edmunds and the use of excessive force.

Defendant, the United States ("the government"), has moved to dismiss the claims under the FTCA, asserting that: (1) plaintiffs have failed to state a claim upon which relief can be granted; (2) plaintiffs failed to exhaust their administrative remedies; (3) the government is protected by the discretionary function exception of the FTCA; and (4) plaintiffs have failed to properly plead certain tort claims.  As we demonstrate in this memorandum, the government's arguments are based on mischaracterizations of plaintiffs' claims and on assertions of facts

Case 2:11-cv-05785-MAM   Document 17   Filed 03/14/12   Page 3 of 13

contrary to the well pleaded factual allegations in the Amended Complaint.  The Amended

Complaint pleads cognizable claims against the United States and the motion to dismiss should

be denied.[1]

## II.    FACTS

Plaintiffs' claims for relief arise from the search of the plaintiffs' home by agents of the

FBI.  On August 5, 2010, at 9:30 a.m. John Does 1-4 forcibly entered plaintiffs' residence at

4449 Germantown Avenue without a search warrant and conducted a full search of the

premises. Amended Comp. ¶ 14.  Plaintiffs Abdul and Sharon Muhammad were not home at

the time; their son Kharee Muhammad and their granddaughter Tanasia Edmunds were at

home, sleeping, when the FBI agents arrived.  *Id.* ¶ 13-14.  During the search, plaintiffs Kharee

Muhammad and Tanasia Edmunds were seized and detained by FBI agents who handcuffed

them, held them at gunpoint, and refused to explain the reason and legal justification for the

search.  *Id.* 15.

The agents entered the house looking for Kevin Miller, who was a fugitive from justice.

*Id.*  ¶ 16.  The agents did not have cause to believe that Mr. Miller was then in the plaintiffs'

residence and they did not obtain a search warrant before entering the premises.  *Id.*  ¶ 17.[2]

---

[1] Plaintiffs do not contest the motion to dismiss filed by John Doe 1 (based on qualified immunity) and agree to the dismissal of all "*Bivens*" claims against the John Doe, 1-4, defendants.

[2] Defendant Doe 1 submitted an affidavit in support of his motion to dismiss stating that the FBI tracked the cellular phone of the fugitive, Kevin Miller, to plaintiffs' home using a global positioning system device.  The information contained in the affidavit may be relevant at a later stage in these proceedings, but this affidavit was not submitted by the government in connection with the FTCA claims and, in any event, in assessing the government's 12(b)(6) motion the Court must credit as true all of the facts in the Amended Complaint.  These allegations demonstrate that the agents engaged in a warrantless and overbroad search, without legal justification and the illegal detention of two of the plaintiffs.  A number of the assertions in the affidavit are disputed by plaintiffs (e.g., the supposed ability of someone to leave the house by

Once inside the plaintiffs' home, the agents conducted a search that went far beyond merely looking for Mr. Miller: agents searched areas of the house including the freezer compartment of the refrigerator and dresser drawers where Mr. Miller could not have been hiding.  *Id.* ¶ 18.  Agents left the house in disarray with personal belongings scattered throughout the house.  *Id.*

## III.    Argument

The FTCA is the exclusive remedy for claims sounding in tort against federal employees acting within the scope of their employment. *See* 28 U.S.C. § 2679(b)(1). It operates as a limited and conditional waiver of the federal government's sovereign immunity by providing for consent to suit in federal district court. *See United States v. Orleans*, 425 U.S. 807, 813 (1976); *see also* 28 U.S.C. § 1346(b).

The FTCA expressly permits claims for the intentional torts of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights, when committed by federal law enforcement officers.  *See* 28 U.S.C. § 2680(h).  Under this provision, liability of the United States arises where the state in which the wrongful conduct occurred would impose liability on a private person under similar circumstances. *See* 28 U.S.C. § 1346(b); *see also Carlson v. Green*, 446 U.S. 14, 23 (1980).

The Court considers a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), on a two-part analysis.  First, the Court "must accept all of the complaint's well-pleaded facts as true." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  Second, the Court "must

---

the skylight and a roof that has no exit other than a 4 story jump) and the affidavit fails to disclose otherwise relevant information regarding the entry by the agents (e.g., John Doe 1 informing plaintiff Kharee Muhammad that the entry was made because the FBI observed the fugitive drop off Kharee at the house the previous night).

then determine whether the facts alleged in the complaint are sufficient to show that the

plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 129 S. Ct.

1937, 1950). The "plausibility" analysis "will be 'a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*,

129 S. Ct. at 1949).[3]

### A.     Plaintiffs Properly Exhausted Their Administrative Remedies

Before suing the United States pursuant to the FTCA, a claimant must file a written

complaint with the appropriate federal agency:

> An action shall not be instituted upon a claim against the United States
> for money damages . . . unless the claimant shall have first presented the
> claim to the appropriate Federal agency and his claim shall have been
> finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (1948).   The claim must give the agency written notice sufficient to enable

the agency to investigate the matter and a value must be placed on the claim.  *Tucker v. United*

*States Post Serv.*, 676 F.2d 954, 958 (3d Cir. 1982).

The government argues that plaintiffs' written claims were inadequate because they did

not assert that plaintiff Kharee Muhammad was "handcuffed," did not assert that the FBI failed

---

[3] The government makes a boilerplate, conclusory argument that the Amended Complaint should
be dismissed for failure to state a plausible claim.  The government cites no cases other than *Bell
Atlantic v. Twombly*, 550 U.S. 544 (2007), and presents no factual analysis on the plausibility
issue.  It is apparent that no such argument could be made as the Amended Complaint
specifically alleges a warrantless entry into the plaintiffs' house (a fact conceded by the
government), without legal justification, an invasive and overbroad search, detention of the
residents, and the scattering of their personal property, all causing harm and damages to the
plaintiffs.  These were the facts known to the plaintiffs at the time of the filing of the Amended
Complaint and are sufficient to show that government agents committed tortious acts and
violated the Constitution in a manner that establishes liability under the FTCA.  The Third
Circuit has ruled that *Twombly* did not change the Rule 8 or Rule 12 (b)(6) framework and
plaintiffs must simply make a factual showing to support the legal claims.  *Phillips v. County of
Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008).  And *Iqbal* stated that a motion to dismiss cannot
be granted on the court's belief that "recovery is very remote and unlikely." *Iqbal, supra*, at
1951.

to obtain a search warrant, and did not allege that the agents searched in areas of the house that were too small to be a hiding place for the fugitive, Kevin Miller.  Def's Mot. at 6.

Not only is the government incorrect as to the details of the Amended Complaint, *see*, Amended Complaint, paras. 14-19, but there is no support for the government's proposition that an administrative claim that fully puts the government on notice of the precise event or incident from which the claim arises, and which states specific facts in support of the claim, must include every fact and detail regarding every step taken by the government agents.  To the contrary, the courts have consistently ruled that only "minimal" facts about the incident, such as the date and place and the names of the people involved are sufficient to put the agency on notice.  *Tucker,* 676 F.2d at 958-959.  *See also, Avery v. United States*, 680 F.2d 608, 610-611 (9th Cir. 1982) (plaintiffs need only assert a "skeletal" claim to the responsible agency which sets forth only the bare elements of the incident); *Santiago-Ramirez v. Dept. of Defense*, 984 F.2d 16, 20 (1st Cir. 1993) (holding that plaintiff's letter, which listed the date and time of the incident, persons involved, injury sustained and damages sought but failed to mention the FTCA, tort, or negligence "put the agency on notice that it should investigate the possibility of potential tortious behavior on the part of its agents" and therefore satisfied notice requirement);  *Brunson v. Runyon*, 1993 WL 388986 *4 (D.N.J, Sept. 22, 1993) (claim that gave date and location of incident but left out basic details met notice requirement).

The government's reliance on *United States v. Roma,* 344 F.3d 352 (3d Cir. 2003), is seriously misplaced.  In *Roma*, a firefighter brought an FTCA claim against the United States after he was injured while fighting a fire at a Navy hanger.   The administrative claim alleged only that he had been injured after he was given an improper instruction by government officials to remove his facemask.  He sued the United States on a distinctly separate theory:

that government agents negligently failed to take steps to prevent the fire from starting.  The

Court held that the plaintiff had not exhausted his administrative remedies because the

plaintiff's initial theory of recovery was separate and unrelated to the theory under which he

brought suit.  The investigation required by United States to determine whether or not the

plaintiff had been improperly instructed to take off his facemask would be entirely different

from an investigation into the causes of the fire.  The Court made clear, however, that written

notice is sufficient if it enables the agency to investigate the incident and understand the legal

claims.  *Id.* at 362-363.[4]

Here, plaintiffs provided more than enough information to enable the government to do

a complete investigation of the incident.  The claim set forth the essential facts and included a

narrative stating the general theory under which plaintiffs now seek recovery: that the agents

entered plaintiffs' home without a warrant and conducted an illegal search and detention of the

residents, thereby causing damage to the home and injury to plaintiffs.

**B.   Plaintiffs' Claims Are Not Barred By The Discretionary Function Exception**

The government argues that it is shielded from liability for the unlawful search and

detentions alleged in the Amended Complaint on the grounds that its actions are protected by

the discretionary function exception of the FTCA.  Def.'s Mot. at 7. The discretionary function

exception bars recovery in certain instances where the federal employees acted in the course of

---

[4] In *Roma*, the agency specifically requested plaintiff to provide additional factual information with respect to his claim, but in response plaintiff merely repeated the brief two sentence factual claim regarding advice as to his facemask.  Here, the FBI also requested undersigned counsel to provide additional information, but *only concerning the issue of retainer agreements and evidence of the authority of the plaintiffs Abdul and Sharon Muhammad to act on behalf of the other two plaintiffs.  See* Exhibit A. This information was provided to the evident satisfaction of the government.  Significantly there was *no* request for additional factual information with respect to the incident itself, and the denial of the claim did not specify any alleged factual omissions or misrepresentations.

their employment and had discretion in making the decisions that led to plaintiff's injury.  28

U.S.C. § 2680(a).   Yet, the government fails to even acknowledge the well-established

principle that the discretionary function exception does not shield the United States from

liability where the conduct complained of violates the Constitution.  *See Galvin v.* Hay, 374

F.3d 739, 758, n.13 (9th Cir. 2004)(discretionary function not applicable where officials

"violate constitutional rights or federal statutes" or "exceed the scope of   .   .   .   [their]

authority");  *Nurse v. United States*, 226 F.3d 996, 1002 (9th Cir. 2001) (federal agents were

not shielded from liability by the discretionary function exception where plaintiff alleged that

they had implemented an unconstitutional policy that led to the violation of her Fourth

Amendment rights); *United States Fidelity & Guaranty Co. v. United States,* 837 F.2d 116, 120

(3d Cir. 1988), *cert. denied,* 487 U.S. 1235 (1988) ("federal officials do not possess discretion

to violate constitutional rights or federal statutes"); *Rich v. United States*, 158 F. Supp.2d 619,

629 (D. Md. 2001) (discretionary function did not apply when claims were based on

unconstitutional entry and search of plaintiff's home); *O'Ferrell v. United States*, 968 F. Supp

1519, 1531 (M.D. Ala. 1997) (discretionary function not applicable where FBI agents made

false statements in affidavit of probable cause to obtain search warrant); *Garcia v. United*

*States*, 896 F. Supp. 467, 474 (E.D. Pa. 1995) (denying summary judgment where fact issues

existed as to the constitutionality of search).

In a transparent effort to avoid this settled doctrine, the government recasts the

Amended Complaint as alleging only that the FBI agents conducted a "flawed investigation"

into the whereabouts of Kevin Miller.  Def's Mot. at 7.  Of course, as the Amended Complaint

makes clear, plaintiffs do not base their claim on the FBI's *investigation* of Kevin Miller, but

rather on the *search* of plaintiffs' home, which was conducted without a warrant, in violation

of plaintiffs' rights.  *See Steagald v. United States*, 451 U.S. 204 (1981) (holding that an arrest warrant does not adequately protect the interests of third parties not named in the warrant when their homes are searched for a suspect, absent their consent and exigent circumstances); *United States v. Hill*, 649 F.3d 258 (4th Cir. 2011)(no exigent circumstances justified entry into third party premises).

In *Pooler v. United States,* 787 F.2d 868 (3d Cir. 1986), and *Rourke v. United States* 744 F. Supp. 100 (E.D. Pa. 1988), claims against the United States for mistakes made by law enforcement agents in the course of an investigation were dismissed pursuant to the discretionary function exception.  However, in neither case did the plaintiffs claim that the agents had committed violations of constitutional rights.  Significantly, in *Pooler*, the Court determined that the plaintiff did *not* even allege that the agent "committed an intentional tort while executing a search [or] seizing evidence," *id.* at 872, and further stated that "if the complaint were that agents of the government in the course of an investigation had violated constitutional rights or federal statutes, the outcome would be different since federal officials do not possess discretion to commit such violations." 787 F.2d at 87.[5]

## C.  Specific Torts

## 1.  Trespass

The government's argument that plaintiffs' claim of trespass must be dismissed because trespass is a strict liability tort, Def's Mot. at 10, is quite erroneous. Putting aside the obvious-- that trespass can be a negligent, intentional or strict liability tort--the key point is that it was

---

[5] In *Rourke*, the District Court did not dismiss the plaintiff's claims stemming from an alleged assault of the plaintiff by the FBI agents at the time of his arrest, holding that FBI agents have discretion in their method of conducting an investigation, but that an unwarranted assault of a suspect is not protected by the discretionary function.  *Rourke*, 744 F.Supp. at 103.  Similarly, an unlawful, unconstitutional search is not protected.

included as an actionable tort under the FTCA. *See Hoery v. United States*, 324 F.3d 1220, 1222-1224 (10th Cir. 2003) (recognizing trespass claim pursuant to FTCA); *Robin Const. Co. v. United States*, 345 F.2d 610 (3d Cir. 1965) (claims for trespass are actionable under FTCA, but exonerating United States on grounds that the trespassers involved were members of the New Jersey National Guard, not federal employees); *Simons v. United States,* 413 F.2d 531, 533 (5th Cir. 1969) (stating that the FTCA allows plaintiffs to recover against the United States for trespass); *See also* Jayson & Longstreth, *Handling Federal Tort Claims* § 9.03. ("it is well-settled that a damage claim based on trespass to land or to chattel is actionable under the Tort Claims Act as a wrongful act within the meaning of Section 1346(b)").  Indeed, the legislative history of the Act, Federal Tort Claims Act: Hearings before a Subcommittee of the Senate Judiciary on S. 2690, 76th Cong., 3d Sess. 43-44 (1940), make clear that the tort of trespass was intended to be covered by the FTCA.  *See Dahelite v. United State*, 346 U.S. 15, 45 (1953).

Further, any other interpretation would also be at serious odds with the intentional tort provision of the FTCA, added as part of the 1974 amendments to specifically provide a remedy for "abusive, illegal and unconstitutional 'no knock' raids by federal law enforcement officers" and which was intended to "prevent future abuses."  S. Rep. 93-588, 93d Cong. 2d Sess. 1974, 1974 U.S.C.C.A.N. 2789.  *See* Jack Boger, *The Federal Tort Claims Act Intentional Tort Amendments: An Interpretive Analysis*, 54 N.C.L.Rev. 497 (1976).

### 2.  **Unlawful Entry and Search**

The claims based on the torts of unlawful search and entry are related to the trespass claim and further detail the harms that resulted. The government argues that "there is scant decisional law that recognizes a separate tort of unlawful entry and search" and that since such a tort would not be cognizable against a private person, it cannot be recognized under the FTCA.

Def's Mot. at 10.  On the first point, Pennsylvania case law establishes that unlawful entries and searches are compensable in tort.  *See Moore v. City of Philadelphia*, 571 A.2d 518, 520 (Pa. Cmmw. 1990).  *United States v. Torres,* 1998 U.S. Dist. LEXIS 18808 at *38-41 (E.D. Pa. Nov. 24, 1998), recognizes this point but denied relief on the issue of "private person" liability. *Torres* construed the claim of unlawful entry and search as one made solely under the Pennsylvania *Constitution* and, without further analysis, concluded that an entry by a private person would not be actionable for lack of state action.  But there is no case law in Pennsylvania barring claims by private persons and, in the case at bar, the unlawful entry and search claim is specifically pled as a tort under Pennsylvania law.

### 3.  Invasion of Privacy

The government concedes that Pennsylvania law recognizes a claim for violation of privacy where there has been an intentional intrusion into a private area which would be highly offensive to a reasonable person.  Def. Mot. 11.  *See Pro Golf Mfg. Inc. v. Tribune Review Newspaper*, 809 A.2d 243 (Pa. 2002); *Harris by Harris v. Easton Pub. Co.,* 335 Pa. Super. 141, 152 (1984); RESTATEMENT (SECOND) OF TORTS § 652(b) (2011) (one is liable for invasion of privacy if one "intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . if the intrusion would be highly offensive to a reasonable person").  Further, invasion of privacy has also been recognized as a basis for a cause of action under the FTCA.  *See Birnbaum v. United States*, 588 F.2d 319 (2d Cir. 1978)(opening of plaintiff's mail by CIA agents states claim); *Black v. Sheraton*, 564 F.2d 531 (D.C. Cir. 1977)(illegal electronic surveillance states claim under FTCA).  In this context, it is difficult to understand any argument that a forcible entry into one's home, handcuffing of a person in the

home, threats, and an invasive and overbroad search of the premises, all of which implicate core privacy concerns, would not be highly offensive to a reasonable person.[6]

### 4. False Imprisonment and Assault and Battery

The government does not dispute the point that claims of false imprisonment and assault and battery claims are cognizable under the FTCA, but asserts that these claims should be dismissed because probable cause existed to conduct the search and that it was permissible for the agents to forcibly restrain the plaintiff-occupants of the residence. Def.'s Mot. at 12-13.[7] This argument is both undeveloped and entirely improper at the motion to dismiss stage. Under the well pled facts of the Amended Complaint there was no justification for a warrantless entry into plaintiffs' residence, detention of the two plaintiffs there at the time, or for the invasive and overbroad search.[8] The government provides no facts to support its theory (the affidavit of John Doe 1 is not part of the record on this motion and in any event contains disputed issues of fact). In short, the government's assertions beg the questions that are at the heart of this litigation. At this stage of the litigation, the Court "must accept all of the complaint's well-pleaded facts as true." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).[9]

---

[6] In *Torres, supra*, again without analysis, the court limited claims for invasion of privacy to allegations of defamation and provided no reasons why the privacy of the home and person are not protected by state law.

[7] We have already addressed the government's erroneous argument that plaintiffs did not properly exhaust this claim in the administrative process. *Supra*, 5-7.

[8] Indeed, even under the government's theory—that there was cause to believe that the fugitive was present—there are disputed issues of fact as to the scope of the search and why no warrant was secured. These issues cannot be resolved without discovery.

[9] The Amended Complaint does not seek to allege "detention" as a separate tort; rather, it is an element of the claim for false imprisonment. Plaintiffs concede that there is no independent tort of "reckless conduct" and do not contest the dismissal of that claim.

**IV.     Conclusion**

For the foregoing reasons, the government's motion to dismiss should be denied.

Respectfully submitted,


/s/ David Rudovsky


Kairys, Rudovsky, Messing & Feinberg LLP
David Rudovsky
Dana Bazelon
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA  19106
215-925-4400
215-925-5365 (fax)
*Counsel for Plaintiff*